In the Matter of the Claim of BERTHA TUBBS, Respondent, v. VINCENT ANGERAMI, Doing Business as JIMMIE'S RESTAURANT AND GRILL, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision and award of the Workmen's Compensation Board, appellants contending that death was not caused as the result of an accident but from natural causes and that there was no causal relationship. The decedent, 50 years of age, was found dead at the bottom of the cellar steps in an unwitnessed fall. It was admitted that he was on his employer's property and in the course of his employment. Section 21 of the Workmen's Compensation Law provides in part that under such circumstances, in the absence of substantial evidence to the contrary, there is a presumption that the claim comes within the intendment of the law. The medical testimony may briefly be summarized as follows: The coroner's physician who performed the autopsy, the report of which was not produced, testified that death was due to coronary occlusion. When the decedent was found, it was noted that there was a laceration of the scalp and a pool of blood near his head, described as being from a relatively small amount to approximately one pint. The doctor discounted this evidence as being associated with the cause of death on the theory that he would not have fallen except for a coronary occlusion — "Otherwise he wouldn't have fallen." The doctor further testified that an examination revealed no fractures, including the neck. The doctor who first saw decedent testified his neck was in a distorted position and it was his impression the neck was broken. There was considerable testimony concerning the amount of blood but no affirmative testimony that it alone would have caused death but rather that he might have been alive when he struck the cellar concrete floor, but he said that his examination was "superficial" and that he first examined the heart and, having found the condition that in his opinion caused death, "that was the limit of my autopsy". The board found in part that the decedent sustained "internal brain damage or a fractured neck which resulted in or contributed to his death". There seems to us grave doubt whether Dr. Vacca's or Dr. Andrew's testimony constituted substantial evidence either of a fracture of the neck or as to cause of death, and neither was asked to clarify his testimony or to be more specific; but there appears *no* evidence of brain damage and the alternative finding of "brain damage or a fractured neck" is improper in any event and requires remittal. It may be that upon a rehearing acceptable proof will be developed. Decision reversed and matter remitted, with costs to the appellants against the Workmen's Compensation Board. Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.